UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON LEE EDMONDSON,

        Petitioner,

v.                                                 Case No. 13-C-513

MICHAEL BAENEN,

        Respondent.

## SCREENING ORDER

On May 8, 2013, Petitioner filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Outagamie County Circuit Court of sexual assault of a child and bail jumping and was sentenced to more than 25 years of imprisonment. On appeal, Petitioner's counsel filed a no-merit report concluding that there was no reasonable basis to challenge his conviction. The court of appeals affirmed both the conviction and the denial of Petitioner's later-filed § 974.06 motion.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner raises eight claims in his habeas petition. The first three issues allege an illegal search and arrest of Petitioner, as well as a warrantless search of his home. He alleges that the police arrested him so that he would not be able to "non-consent" to the search of his home when they arrived to search it. (His wife, the mother of the victim, consented.) The search produced evidence used to convict him, which he asserts should have been suppressed. Had they been raised at trial, these search-and-seizure claims would have been governed by *Stone v. Powell,* 428 U.S. 465, 494 (1976). There, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* However, Petitioner did not raise any Fourth Amendment claims at trial. As a result, any right to direct review of those claims was forfeited. Relief for Fourth Amendment violations at this point is available, if at all, only in the form of a claim for ineffective assistance of counsel. *See Kimmelman v. Morrison*, 477 U.S. 365 (1986) (holding that restrictions on federal habeas review of Fourth Amendment claims announced in *Stone v. Powell* did not extend to petitioner's Sixth Amendment claims of ineffective assistance of counsel). Accordingly, the first three claims will be dismissed.

Petitioner's fourth claim challenges the sufficiency of the evidence, although it appears to rely on the premise that the evidence seized from Petitioner's house should have been suppressed. In any event, the Wisconsin state court cited the state standard for sufficiency of the evidence, which holds that "an appellate court may not reverse a conviction unless the evidence, viewed most favorably to the state and the conviction, is so insufficient in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger,*

153 Wis.2d 493, 451 N.W.2d 752, 755 (1990). This is essentially the same as the federal standard articulated in *Jackson v. Virginia,* 443 U.S. 307, 324 (1979). The state court reasonably found that the evidence was easily sufficient to support the verdict. The complaining witness, a second-grader, alleged that Petitioner had placed his penis in the victim's mouth, after which the victim brushed his teeth. Sperm was later found on the victim's toothbrush, and a mixture of the victim's and Petitioner's DNA was found on the bed sheets where the victim stated the assault occurred. It is difficult to see how a jury would be unable to reach a guilty verdict based on that evidence. Petitioner does not state anything to challenge the evidence underlying the bail jumping charges, which were presumably based on his sexual assault of a child while on bail for other offenses. Based on the petition and attached exhibits, his claim that the evidence was constitutionally insufficient clearly fails.

Petitioner's fifth claim asserts that the bail jumping charge was "illegal" because it was the fruit of the illegal police search and seizure. It is not clear that this claim was ever raised in the state courts, but the point made earlier remains: an illegal search or seizure is not a basis for the grant of federal habeas relief. Accordingly, this claim will be dismissed as well. To the extent it can be considered as ineffective assistance of counsel, it is addressed below.

The sixth and seventh claims assert ineffective assistance of trial and appellate counsel. The sixth claim asserts generally that counsel was ineffective in the following respects:

> he failed to bring the illegal acts of police and evidence and information obtained as a result thereof to the attention of the trial court; failed to raise the bail jumping and bond forfeiture claims before the trial court; failed to obtain exculpatory evidence from myself and other witnesses in my favor; failed to properly obtain witnesses in my favor; coerced me into providing self-incriminating DNA evidence to the state; counseled perjury to me as a defense; and failed to obtain expert witnesses in my favor at trial.

3

(Pet. at 10.) As a result, Petitioner claims he was denied a fair trial. Appellate counsel is alleged to have failed to have moved for an evidentiary hearing before filing a no-merit report, to obtain discovery and to raise the various constitutional claims Petitioner contends trial counsel overlooked.

The Wisconsin Court of Appeals rejected Petitioner's claims of ineffective assistance of counsel as conclusory and unsupported by affidavit or otherwise. Under Wisconsin law, the bare accusation that his attorney didn't call witnesses is insufficient to state a claim for relief. A trial court has discretion to deny a motion for post conviction relief without a hearing where the movant fails to allege facts that, if true, would entitle him to relief. *State v. Allen*, 2004 WI 106, ¶ 14, 274 Wis.2d 568, 682 N.W.2d 433 ("A hearing on a postconviction motion is required only when the movant states sufficient material facts that, if true, would entitle the defendant to relief."). In a motion seeking post conviction relief based on a claim of ineffective assistance of counsel, the defendant must tell the court "who would be called as a witness at an evidentiary hearing and what their testimony was likely to prove." *State v. Balliette*, 2011 WI 79, ¶ 3, 336 Wis.2d 358, 805 N.W.2d 334. Where a defendant fails to do so, the trial court may summarily deny the motion without an evidentiary hearing. Dismissal for this reason constitutes an adequate and independent state ground for denying Petitioner relief that precludes federal review under § 2254. *Hayes v. Battaglia*, 403 F.3d 935, 937 (7th Cir. 2005).

The rule is immanently reasonable. Having either exercised, or waived, his right to a full trial with the assistance of counsel, a defendant should have to do more than allege that counsel provided ineffective assistance in order to warrant the expenditure of further resources on his case. It is reasonable under such circumstances to require the defendant to at least allege that there are specific facts that warrant the further expenditure of time and resources that an evidentiary hearing

4

requires. Counsel's failure to obtain exculpatory evidence, after all, can count as ineffective only if there was exculpatory evidence that could have been offered. And the failure to call witnesses is ineffective assistance only if there were witnesses with information helpful to the defense. Petitioner alleged no facts either in state court or in his petition to this court that would suggest either exists. Given the procedural requirement that he allege such facts in state court in order to obtain relief, and his failure to do so even in his petition here, it is clear he is not entitled to federal relief on this basis.

Additionally, to the extent Petitioner's claim that counsel was ineffective in failing to challenge the search of his home is discernable, it is without merit. Petitioner's claim appears to be based on his assumption that police were required to ask him for permission to search his house and seize his bed sheets and the victim's toothbrush as evidence, instead of relying on the consent of the victim's mother who lived with him. No such requirement exists. *See United States v. Henderson*, 536 F.3d 776 (7th Cir. 2008) (holding that resident's refusal of consent for warrantless search of home was no longer effective to bar voluntary consent of co-resident, once objecting resident was validly arrested and removed from home; objecting resident was no longer both present and objecting). Here, Petitioner never refused consent; he was never asked, having been previously lawfully arrested based on the allegations of the victim. Failing to challenge the consent of the victim's mother was not ineffective assistance under clearly established federal law.

Likewise, counsel's advice to Petitioner to voluntarily provide a DNA sample instead of requiring police to obtain a search warrant falls short of establishing ineffective assistance. Based on the victim's complaint, police had more than enough evidence to obtain a search warrant.

5

Advising his client to cooperate in providing evidence that police would inevitably have obtained does not constitute ineffective assistance.

Finally, Petitioner asserts that he is actually innocent of the crimes. Although "actual innocence" can sometimes excuse a procedural default or untimely filing, it is not in itself a "claim" upon which § 2254 relief may be founded, other than as a due process challenge to the sufficiency of the evidence. That is because, in theory, an actually innocent person may be convicted under constitutionally adequate procedures. A federal habeas court may only grant relief if the state court relied on an unreasonable application of clearly established federal law or made an unreasonable determination of the facts. 28 U.S.C. § 2254(d). As such, a claim of "actual innocence" does not itself set forth a cognizable claim on § 2254 review. *Szymanski v. Cooke,* 1998 WL 516767, *1 (7th Cir. 1998) ("Even actual innocence of a crime does not support relief under 28 U.S.C. § 2254."). Further, based on the evidence recounted above, Petitioner's claim of actual innocence would fail in any event.

In sum, it plainly appears from the face of the petition and the attached exhibits that Petitioner is not entitled to federal relief under 28 U.S.C. § 2254. Accordingly, the petition will be summarily dismissed.

One more issue remains. When it enters a final order adverse to the applicant for relief under § 2254, the court must also issue or deny a certificate of appealability. Rule 11 of Rules Governing Section 2254 Cases. A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

6

presented were adequate to deserve encouragement to proceed further." *Slack v McDaniel*, 529 U.S. 473, 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

Here, the court concludes that no certificate of appealability should issue. Petitioner has not made a substantial showing of the denial of a constitutional right. The conclusory allegations of his petition are belied by the attached exhibits, in particular, the *Anders* Brief filed by his attorney and the decision of the Wisconsin Court of Appeals affirming his conviction.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this   5th   day of June, 2013.

                                             s/ William C. Griesbach
                                             William C. Griesbach, Chief Judge
                                             United States District Court

7

Case 1:13-cv-00513-WCG   Filed 06/05/13   Page 7 of 7   Document 8